UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALVIN JOSEPH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 07 C 219 |
| | ) | |
| COOK COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant County of Cook ("County") to dismiss the complaint of Plaintiff Alvin Joseph. For the reasons set forth below, the motion is denied.

**BACKGROUND**

According to Joseph's complaint and documents attached to it, he applied for a job with the County as a motor vehicle driver in 2003. On August 1 of that year, the County contacted Joseph regarding his application and scheduled him for a performance test. In November 2003, the County informed him that he had successfully qualified on all portions of the assessment process for a motor vehicle driver that he had undertaken to that point but did not yet offer him a job.

On April 5, 2004, Joseph filed for Chapter 7 bankruptcy. He declared that he had assets totalling $7,731. In the schedule listing his personal property, Joseph asserted, *inter alia*, that he had no contingent or unliquidated claims. The bankruptcy court accepted his representations and entered an order of discharge of his approximately $35,000 in debts on July 26, 2004. The case was closed August 5, 2004.

More than a year later, on September 16, 2005, the County again contacted Joseph to let him know that he would be hired conditionally but that a physical was required. He was to wait to receive a letter regarding the physical. According to Joseph, the letter never came and the County refused to provide him with any further information about it.

Approximately three months later, Joseph filed a charge with the EEOC. In it, he claimed that the County discriminated against him on the basis of his national origin, which he gave as "Iraqi Arab/Middle Eastern." He listed December 20, 2005, the date of the charge, as the latest date on which discrimination took place.

Joseph received a right-to-sue letter from the EEOC on October 25, 2006, and filed the instant suit on January 24, 2007. His complaint alleges that the County's failure to hire him violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. It seeks injunctive relief, lost wages, double damages, front pay, compensatory damages, punitive damages, pre- and postjudgment interest, attorneys'

fees, expert fees, and costs. The County moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1]

**LEGAL STANDARDS**

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

A complaint's legal sufficiency is not compromised simply because it does not anticipate or otherwise preemptively address potential defenses. *Xechem, Inc. v.*

---

[1] Though the County's motion also alludes to Fed. R. Civ. P. 12(b)(1) as a ground for decision, none of the bases set out in the motion pertains to subject matter jurisdiction.

*Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). If the complaint so unmistakably establishes the presence of a defense that the suit is rendered frivolous, the affected allegations can be dismissed before a responsive pleading is filed. *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). Otherwise, it is improper to grant a motion to dismiss on the basis that an affirmative defense exists. *See Deckard v. General Motors Corp.*, 307 F.3d 556, 560 (7th Cir. 2002).

With these principles in mind, we consider the instant motion.

## DISCUSSION

In support of its motion, the County advances three arguments. First, the County asserts that Joseph should have disclosed this case as a potential asset of the bankruptcy estate in connection with the proceedings before the bankruptcy court. Because he did not, the County urges that his claims should be barred by the doctrine of judicial estoppel. Second, the County contends that Joseph's Title VII claims were not brought within the 300-day statute of limitations set forth in 42 U.S.C. § 2000e-5(e)(1) and therefore should be dismissed as untimely. Finally, the County avers that Joseph's claims of national origin discrimination are outside the purview of 42 U.S.C. § 1981. We consider each ground in turn.

**A. Judicial Estoppel**

The doctrine of judicial estoppel "forbids a party who has won a case on one ground to turn around in a subsequent case and repudiate that ground in an effort to win

a second victory." *DeVito v. Chicago Park Dist.*, 270 F.3d 532, 535 (7th Cir. 2001). In the context of a bankruptcy proceeding, the doctrine prevents a debtor from obtaining an unfair advantage by inconsistently asserting that a cause of action does not exist but later recovering on the same claim after debts have been discharged. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 447 (7th Cir. 2006). Though there is no exhaustive list of factors that must be present to support the application of the doctrine, one necessary prerequisite is that a party's earlier position must be "clearly inconsistent" with the later stance. *Levinson v. United States*, 969 F.2d 260, 264 (7th Cir. 1992).

Initially, we note that estoppel, judicial or otherwise, is an affirmative defense. Fed. R. Civ. P. 8(c). As such, a plaintiff is not required to assert its absence in order to state a legally cognizable claim. *See Xechem*, 372 F.3d at 901. Implicitly, the County argues that the complaint, in conjunction with bankruptcy records of which we take judicial notice,[2] unmistakably establishes the defense, thus making it a permissible basis for a Rule 12(b)(6) dismissal. *See Walker*, 288 F.3d at 1009-10. It also relies heavily on *Cannon-Stokes*, contending that it is strikingly similar to this case and thus dictates

---

[2]Fed. R. Evid. 201(d) mandates that a court take judicial notice of adjudicative facts when a party requests that it do so and supplies the court with the necessary information. Though the County has not specifically requested that we take notice of the bankruptcy proceedings, it has supplied the documentation necessary to establish the facts upon which the argument relies, so we will assume that it intended to request that we take notice of them.

a like result. That case involved a plaintiff with a claim of disability discrimination against the United States Postal Service, her employer. *Cannon-Stokes*, 453 F.3d at 447. While her discrimination claim was pending at the administrative level, she filed for Chapter 7 bankruptcy. *Id*. Her schedule of assets contained no mention of her claim against the Postal Service, and she was ultimately relieved of $98,000 of debt. *Id*.

After the bankruptcy case concluded, Cannon-Stokes brought suit in federal court on her disability claim. *Id*. The court viewed the debtor as attempting to obtain the benefit of debt discharge by failing to disclose a known legal claim and then later attempting to collect on the same claim. *Id*. at 449. Perceiving this to be a deliberate deception of creditors and the judicial system, the court refused to allow the debtor to pursue her suit. *Id*.

In the instant case, there is no question that Joseph did not list his claim against the County in his bankruptcy filing. However, his complaint does not unequivocally indicate that he knew of a potential discrimination claim against the County when he filed his Chapter 7 petition or even when the bankruptcy case concluded. His allegations are equally consistent with a construction that he was unaware of any legal injury before September 2005, well after the bankruptcy case was over. Equity demands that a plaintiff be barred from asserting a claim deliberately concealed, not one undisclosed because its existence was not yet known. Thus, at this stage of the proceedings, this case cannot be definitively said to be similar to *Cannon-Stokes*, where

there was no dispute that the plaintiff not only knew about but was pursuing a separate legal claim when she deliberately omitted it from her bankruptcy petition. *See* 453 F.3d at 447. The facts necessary to establish the defense are not so apparent on the face of the complaint that dismissal would be appropriate at the outset of the case.

**B. Statute of Limitations**

The County's second argument in support of dismissal again relies on another affirmative defense: the 300-day statute of limitations for Title VII claims. A cause of action accrues on the date that the plaintiff discovers or should have discovered that he or she has been injured by the defendant's conduct. *See Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). The date of accrual may or may not be the same as the date of that the legal injury occurred. *See id.* Under the "discovery rule" of federal common law, a statute of limitations runs from the date of accrual, not the date of injury. *See id.*

The County's argument is premised on a contention that the 300 days must be measured from November 13, 2003. However, as noted above, there is nothing in the complaint that indicates Joseph surmised (or should have surmised) that the failure to hire him was unlawful in 2003. We do note that, in his response to the motion to dismiss, Joseph states that he filled out a form for the County in September 2003 that asked where he was born, which he thought an odd question. This statement provides some support for the notion that he should have inquired why the question was asked.

However, it is not a strong enough indication that the discovery of the injury occurred or should have occurred before September 2005 that Joseph can be said to have pled himself out of court on his Title VII claims. Taking the allegations of the complaint in a light most favorable to him, as we must for purposes of this motion, it is reasonable to infer that he did not suspect improper motives behind the County's actions until September 2005, which is well within 300 days of the filing of his EEOC charge. Accordingly, the motion to dismiss his Title VII claims as untimely is denied. *See Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003).

**C. Cognizability of National Origin Claims under 42 U.S.C. § 1981**

Finally, the County takes aim at the viability of any claims Joseph is asserting under 42 U.S.C. § 1981. According to the County, § 1981 applies only to claims of racial discrimination, so Joseph's claim that he was discriminated against because of his national origin is not cognizable.

The County is correct that § 1981 does not apply to claims of "national origin," but it fails to recognize that the meaning of that term of art is not the same in a § 1981 context as it is in a Title VII context. It is true that § 1981 does not provide relief when discrimination is based solely on national origin in the sense of the country of one's birth. *See Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 614, 107 S. Ct. 2022, 2029 (1987) (Brennan, J., concurring). However, both the Supreme Court and the Seventh Circuit have made clear that if a plaintiff adequately alleges that he or she was

subject to discrimination by virtue of belonging to an identifiable class of persons considered distinct from "white citizens" at the time § 1981 was passed, that is enough to avoid a Rule 12(b)(6) dismissal. *See*, *e.g.*, *Saint Francis*, 481 U.S. at 613, 107 S. Ct. at 2028 (claim of discrimination by Iraqi plaintiff cognizable under § 1981). Naturally, to establish liability under § 1981, Joseph will eventually have to prove that he is a member of a racial minority, that the County intended to discriminate against him on the basis of his membership within that minority, and that the discrimination affected his ability to make or enforce a contract. *See Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 756 (7th Cir. 2006). However, the fact that Joseph has labeled his § 1981 claim as one based upon national origin discrimination does not automatically dispose of it at this stage of the proceedings.

## CONCLUSION

Based on the foregoing analysis, the County's motion to dismiss is denied.

_Charles P. Kocoras_
Charles P. Kocoras
United States District Judge

Dated:   August 27, 2007